UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

U.S. COAL CORPORATION                                        CASE NO. 14-51461

ALLEGED DEBTOR                                                CHAPTER 11

**ANSWER TO INVOLUNTARY PETITION AND CONSENT TO ENTRY OF ORDER FOR RELIEF AND RESERVATION OF RIGHTS**

Comes U.S. Coal Corporation ("U.S. Coal" or the "Alleged Debtor"), by counsel, and hereby files this Answer to the Involuntary Petition and Consent to Entry of Order for Relief and Reservation of Rights (the "Answer and Consent"), and respectfully requests that this Court enter promptly the order for relief substantially in the form of Official Form B253.

## BACKGROUND

### Filing of Involuntary Chapter 11 Case

1. On June 10, 2014 (the "U.S. Coal Commencement Date"), an involuntary petition (the "U.S. Coal Involuntary Petition") seeking relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") was filed against U.S. Coal.

2. Upon the receipt of the U.S. Coal Involuntary Petition, the Alleged Debtor, in consultation with its legal and financial advisors, determined that it had no adequate grounds to dispute the allegations of the petitioning creditors and concluded that the consensual resolution of the U.S. Coal Involuntary Petition was necessary to avoid the unnecessary expense and delay of litigation, and to enable the Alleged Debtor to concentrate its attention going forward on maximizing the value of its assets for the benefit of creditors and parties in interest by consenting to the relief sought by the petitioning creditor.

15025490.2

3.      U.S. Coal was formed in 2006 for the purpose of acquiring and consolidating several smaller coal operations and taking advantage of perceived arbitrage opportunities between private and public market valuations through an anticipated initial public offering.

4.      U.S. Coal operates through two divisions (previously independently owned and operated). In January 2007, U.S. Coal acquired Licking River Resources, Inc. ("LRR"), Licking River Mining, LLC ("LR Mining"), S. M. & J., Inc. ("SM&J"), and Oak Hill Coal, Inc. (a non-debtor). These entities, collectively, are commonly referred to as the "Licking River Division."

5.      In April 2008, U.S. Coal acquired J.A.D. Coal Company, Inc. ("JAD"), Fox Knob Coal Co., Inc. ("Fox Knob"), and Sandlick Coal Company, LLC (a non-debtor). These entities, collectively, are commonly referred to as the "JAD Division." Hereinafter, LRR, LR Mining, SM&J, JAD, and Fox Knob are collectively referred to as the "Subsidiary Debtors."

6.      U.S. Coal is located in the central Appalachia region of eastern Kentucky. Between the two divisions, U.S. Coal controls approximately 80,000 acres, the majority of which is leased. LRR has approximately 26.3 million tons of surface reserves under lease, and JAD has approximately 24.4 million tons of surface reserves comprised of both leased and owned real property. At present, U.S. Coal has three surface mines in operation between its two divisions and associated highwall miner operations at each location.

7.      As of May 1, 2014, U.S. Coal has approximately $71.1 million of liabilities (excluding asset retirement and capital lease obligations). Of this $71.1 million, approximately $41.9 million is comprised of secured debt, including secured equipment financing. The balance of approximately $29.1 million is comprised of obligations to trade creditors, the holders of

certain LRR notes, certain put right holders (whose claims are disputed), and former counsel, Pryor Cashman LLP.

8. In an effort to reduce costs of production, increase operational efficiencies, and increase revenues, U.S. Coal undertook a number of operational initiatives over the past several years. The efforts included the closing of smaller operations and the laying off 70 employees. U.S. Coal also made company-wide salary and benefits reductions including a ten percent reduction in wages for hourly personnel and a fifteen percent reduction in wages for salaried employees, while increasing U.S. Coal's required contribution for health benefits by employees by twenty percent. In addition to other initiatives, U.S. Coal also: (i) renegotiated lease rates with its mineral rights owners; (ii) renegotiated service contracts and terms with vendors; (iii) reduced their debt service requirements (both of principal amortization and interest obligations) by refinancing equipment notes; (iv) renegotiated their plant operation and maintenance agreements; and (v) undertook certain company-wide pricing initiatives in 2014.

9. Immediately prior to the U.S. Coal Commencement Date, U.S. Coal and the Subsidiary Debtors faced severe liquidity restrictions and had a general inability to readily access a line of credit. In addition, unfavorable coal production in the fourth quarter of 2013 and first quarter of 2014 severely hampered U.S. Coal and the Subsidiary Debtors' profitability. As a result, immediately prior to the U.S. Coal Commencement Date, U.S. Coal and the Subsidiary Debtors were unable to satisfy their debts to vendors as they became due in the ordinary course of business. Vendors responded to the Subsidiary Debtors' and U.S. Coal's inability to pay their debts by restricting their credit terms to U.S. Coal and the Subsidiary Debtors and ultimately commencing a series of Chapter 11 cases.

10. Specifically, on May 22, 2014 (the "LR Mining Commencement Date"), an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against LR Mining.

11. On May 23, 2014 (the "LRR/Fox Knob Commencement Date"), involuntary petitions seeking relief under Chapter 11 of the Bankruptcy Code were filed against LRR and Fox Knob.

12. On June 3, 2014 (the "SM&J Commencement Date"), an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against SM&J.

13. On June 4, 2014 (the "JAD Commencement Date") an involuntary petition seeking relief under Chapter 11 of the Bankruptcy Code was filed against JAD.

14. On the U.S. Coal Commencement Date (together with the LR Mining, LRR/Fox Knob, SM&J, and JAD Commencement Dates, the "Commencement Dates"), the U.S. Coal Involuntary Petition was filed against U.S. Coal.

15. Additional information about the U.S. Coal and the Subsidiary Debtors' businesses and the events leading up to the Commencement Dates can be found in the Declaration of John Collins, the U.S. Coal and the Subsidiary Debtors' Chief Executive Officer filed herewith, which is incorporated herein by reference.

16. The Alleged Debtor has continued to operate its business pursuant to Section 303(f) of the Bankruptcy Code.

**ANSWER TO THE U.S. COAL INVOLUNTARY PETITION**

17. U.S. Coal admits that Kolmar Americas, Inc. (the "Petitioning Creditor") is eligible to file the U.S. Coal Involuntary Petition pursuant to Section 303(b) of the Bankruptcy Code.

18. U.S. Coal admits that it is a person against whom an involuntary bankruptcy petition may be filed.

19. U.S. Coal admits that, as of the date of the filing of the U.S. Coal Involuntary Petition, U.S. Coal was generally not paying its debts as they became due.

## RESERVATION OF RIGHTS

20. U.S. Coal expressly reserves all of its rights and remedies under Section 303(i) of the Bankruptcy Code and otherwise.

## CONSENT TO ORDER FOR RELIEF

21. By this Answer and Consent, as it has no grounds to contest the allegations of the Petitioning Creditor, U.S. Coal hereby consents to an entry of an Order for Relief commencing its Chapter 11 Case. U.S. Coal is filing concurrently herewith: (a) the resolutions of U.S. Coal's Board of Directors consenting to entry of the Order for Relief; (b) the Corporate Ownership Statement for U.S. Coal; and (c) an unconsolidated list of U.S. Coal's 20 largest unsecured creditors.

22. U.S. Coal requests that a hearing be held on this Answer and Consent on Friday, June 27, 2014, at 9:00 a.m. (ET) before the Honorable Tracey N. Wise, 3rd Floor Courtroom, United States Bankruptcy Court, 100 East Vine Street, Lexington, Kentucky.

WHEREFORE, U.S. Coal respectfully requests that the Court (i) enter an Order for Relief substantially in the form of Official Form B-253 and (ii) grant U.S. Coal such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Laura Day DelCotto, Esq.
KY Bar No. 81763
Amelia Martin Adams
KY Bar No. 93038
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:  (859) 281-1179
ldelcotto@dlgfirm.com
aadams@dlgfirm.com

and

NIXON PEABODY LLP

/s/ Dennis J. Drebsky, Esq.
NY Bar No. 4350633
Christopher M. Desiderio, Esq.
NY Bar No. 1181007
437 Madison Avenue
New York, NY 10022-7039
Telephone:  (212) 940-3000
Facsimile:  (212) 940-3111
ddrebsky@nixonpeabody.com
cdesiderio@nixonpeabody.com

COUNSEL FOR
ALLEGED DEBTOR
(UNDER PENDING APPLICATION)

Z:\Answer.doc